BLD-284                                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2705
_____

IN RE:  KELLEY TROY COOLEY,
                                                    Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Western District of Pennsylvania
(Related to D.C. Civ. No. 1:07-cv-00208)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
September 8, 2011

Before:  SLOVITER, JORDAN and GREENAWAY, JR., Circuit Judges

(Opinion filed September 27, 2011)

_____

OPINION
_____

PER CURIAM

Kelley Troy Cooley, a Pennsylvania state prisoner proceeding pro se, petitions this

Court for a writ of mandamus (1) ordering the recusal of the presiding District Court

Judge in his pending civil rights action, and (2) directing the District Court to address his

objections to a Magistrate Judge's report issued in that case.  For the reasons that follow,

we will deny the petition.

I.

In August 2007, Cooley filed a pro se complaint in the District Court pursuant to 42 U.S.C. § 1983. He later amended his complaint in May 2008. All told, his pleadings, which raised claims of excessive force, among other claims, named ten defendants: Erie County, County Executive Mark DiVecchio, Erie County Sheriff Robert Merski, Sheriff Marty Davis, Lieutenant Paul Greiner, and Deputy Sheriffs Anthony Bowers, Charles Bowers, Jay Wieczorek, Roger Gunesch, and David Stucke.

In July 2008, Defendants Erie County and DiVecchio moved for summary judgment. The Magistrate Judge recommended that the court grant the motion, and the court adopted that recommendation in March 2009. In February 2010, the remaining defendants (hereinafter collectively referred to as "the Sheriff Defendants") moved for summary judgment. In August 2010, the Magistrate Judge recommended that the court grant that motion in part and deny it in part, concluding that Cooley's Eighth Amendment excessive force claims survived summary judgment as to six of the Sheriff Defendants. The Sheriff Defendants filed "exceptions" to the Magistrate Judge's report, and moved to supplement the record. The District Court granted the request to supplement, and recommitted the matter to the Magistrate Judge.

In March 2011, the Magistrate Judge issued a supplemental report, echoing her recommendation from her original report. On April 29, 2011, the District Court entered an order adopting both the report and the supplemental report. Cooley then moved for

2

reconsideration of that order, and requested that the presiding District Court Judge, the Honorable Maurice B. Cohill, Jr., recuse himself. While that motion was pending, Cooley filed the instant mandamus petition. On July 8, 2011, the District Court denied Cooley's motion for reconsideration and request to recuse. The surviving claims from Cooley's pleadings remain pending before the District Court.

In his mandamus petition, Cooley claims that the District Court never addressed objections he made to the Magistrate Judge's August 2010 report. Cooley seeks an order directing the District Court to consider those objections, as well as an order compelling Judge Cohill to recuse himself.

## II.

A writ of mandamus is a drastic remedy available only in extraordinary cases. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). A petitioner seeking mandamus relief must show that "(1) no other adequate means exist to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." Hollingsworth v. Perry, 130 S. Ct. 705, 710 (2010) (per curiam) (internal quotation marks and citation omitted). As we have previously explained, "[m]andamus is a proper means for this court to review a district court judge's refusal to recuse from a case pursuant to 28 U.S.C. § 455(a), where the judge's impartiality might reasonably be questioned." Alexander v. Primerica Holdings, Inc., 10 F.3d 155, 163 (3d Cir. 1993). Where, as here, the mandamus petition is filed before the district court rules on the recusal motion, we review the subsequent denial of

that motion for abuse of discretion.  See In re Kensington Int'l Ltd., 368 F.3d 289, 301 (3d Cir. 2004).

Cooley has not established that mandamus relief is warranted here.  First, his claim that the District Court failed to consider his objections to the Magistrate Judge's August 2010 report may be raised on appeal once a final order has been issued in his case.  Second, Cooley has not established that Judge Cohill abused his discretion in refusing to recuse himself.  Cooley's allegation that Judge Cohill made "ex parte decisions which appears [sic] to be favoritism for the Respondent's [sic]" is wholly unsubstantiated, and Cooley's claim that Judge Cohill failed to consider the above-referenced objections to the Magistrate Judge's report, without more, is not a sufficient basis to warrant recusal.  See Liteky v. United States, 510 U.S. 540, 555 (1994) ("Almost invariably, [judicial rulings] are proper grounds for appeal, not for recusal.").  Simply put, Cooley has failed to establish that "a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned."  See In re Kensington Int'l Ltd., 368 F.3d at 301 (reciting test for recusal under § 455(a)).

In light of the above, we will deny Cooley's petition for a writ of mandamus.  Cooley's motion to stay the District Court proceedings pending the resolution of this mandamus petition is denied.